IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK MERRILL BRODY, <br><br> Defendant. | ORDER and <br> MEMORANDUM DECISION <br><br><br><br> Case No. 2:08-cr-410 CW |

Now before the court are Defendant Patrick Merrill Brody's second motion to continue sentencing (Dkt. No. 294) and a motion by Mr. Brody to vacate the conditions of his release (Dkt. No. 291). These motions are both DENIED.

As for the motion to continue, Mr. Brody is correct that DUCrimR 32-1 requires the government to file its position on sentencing factors at least seven days before sentencing. Mr. Brody also correctly points out that the government filed an addendum to their position on May 3, 2011 only three days before sentencing. But that addendum concerned a witness that the court has already ruled that it will not consider. In fact, the court ruled that the witness would not be heard at sentencing within hours of the government filing that addendum. The May 3 addendum to the government's position is thus irrelevant and does not warrant a continuance under DUCrimR 32-1.

As for the proposition that the court anticipated that sentencing might not occur on May

6, 2011, Mr. Brody has misinterpreted the court's remarks. Mr. Brody has been aware of the government's position on the tax loss since March 28, 2011, when it submitted its initial position with respect to sentencing factors. The government gave another clear explanation of its positions on the issue at the hearing on April 1, 2011, which was originally set to be a sentencing hearing. Moreover, Mr. Brody has had the government's first addendum on the topic since April 26, 2011, which was at least seven days prior to sentencing. And frankly, Mr. Brody has been aware that he would need to address the tax loss issue since he was convicted over six months on October 22, 2010.

Mr. Brody's counsel has not identified any specific reason why he needs additional time to formulate his response and his own position on this topic, other than to point to the typical demands any attorney faces. Indeed, when dealing with subject matter in this case not directly related to the merits of sentencing, Mr. Brody has acted with diligence and alacrity. On these topics, he has filed over a dozen post-conviction motions, each with supporting briefs, sometimes several in one day, and often within moments of the court's decision denying an earlier motion seeking the same relief.

In light of these circumstances, a continuance of sentencing is not appropriate. Mr. Brody should come to his sentencing on May 6, 2011 prepared to offer and explain his positions on all issues relevant to sentencing and offer any evidence he believes is necessary to support these positions. His failure to properly prepare will not be a ground to continue the hearing or delay sentencing. Indeed, given Mr. Brody's pattern of behavior in this action, further failure to prepare may be attributed to a desire to delay.

As for the motion to vacate the conditions of relief, Mr. Brody's argument is frivolous. In

essence, Mr. Brody argues that because the government has accused him of violating his conditions of release in a manner that Mr. Brody thinks is improper, Mr. Brody should be released from the conditions of release. The court agrees that the government's attempt to convert Mr. Brody's sentencing into a hearing on whether Mr. Brody violated his conditions of release with almost no advance notice to Mr. Brody and no notice to the court shows poor judgment. But this lack of judgment is not a ground to vacate the conditions of Mr. Brody's release.

DATED this 4th day of May, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge